UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| ADINATH CORP., *et al.,* | Case No. 15-16885-LMI (Jointly Administered) |
| Debtors. | |
| _____/ | |
| CHARLES M. BERK, AS LIQUIDATING TRUSTEE OF THE SIMPLY FASHION LIQUIDATING TRUST, | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| TATANGO, INC. | |
| Defendant. | |
| _____/ | |

## <u>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS</u>

Charles M. Berk, solely as Liquidating Trustee of the Simply Fashion Liquidating Trust and not individually (the "<u>Plaintiff</u>"), pursuant to 11 U.S.C. §§ 547 and 550, sues the Defendant, TATANGO, INC. (the "<u>Defendant</u>") to avoid and recover preferential transfers[1], and in support, alleges:

---

[1] The Plaintiff reserves the right to bring additional claims against the Defendant and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Plaintiff may have against the Defendant. Also, to the extent that the Defendant has filed a proof of claim or has a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "<u>Claims</u>"), this Complaint constitutes an objection to the allowance of such claim on the basis of the Defendant's failure to disgorge the preferential transfer(s) received, and the Plaintiff reserves the right to further object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j).

**JURISDICTION**

1. This adversary proceeding is brought to recover preferential transfers pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code").

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. This proceeding has been referred to this Court pursuant to 28 U.S.C. § 157(a).

4. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b).

5. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(F).

**PARTIES AND PROCEDURAL BACKGROUND**

6. Simply Fashion Stores, Ltd. (the "Debtor") commenced its bankruptcy case on April 16, 2015 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

7. The Plaintiff was appointed pursuant to the *Order (I) Approving on a Final Basis the Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code and (II) Confirming the Plan Proponents' First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, dated May 3, 2016, as Amended* entered on June 27, 2016 (the "Confirmation Order") [D.E. #967]. As further approved by the Confirmation Order, all claims, including litigation claims, were transferred to the Simply Fashion Liquidating Trust and the Plaintiff succeeds to the Debtor's rights with respect to such litigation claims, effective July 13, 2016.

8. The Defendant is an entity with a principal place of business at, 2211 Elliott Avenue, Suite 200, Seattle, WA 98121.

\303509\2 - # 2195519 v1                                        2

9. The Defendant sold goods to, or performed services for, the Debtor prior to the Petition Date.

10. Prior to commencement of the proceeding, the Debtor made demand upon the Defendant for return of preferential transfers received by the Defendant in the 90-day period preceding the Petition Date, however, as of the date of the filing of this complaint, the Defendant failed to return such transfers or the value thereof.

### COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO SECTION 547(b) OF THE BANKRUPTCY CODE

11. The Plaintiff realleges the allegations set forth in paragraphs 1 through 10, and incorporates those allegations by reference.

12. On or within 90 days before the Petition Date, that is, between January 16, 2015 and April 16, 2015 (the "Preference Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers or otherwise to certain entities, including the Defendant.

13. The Debtor transferred property of the Debtor to the Defendant during the Preference Period in an amount not less than **$26,191.20** (the "90-Day Transfers"). A list of the 90-Day Transfers presently known to the Plaintiff to have been made by the Debtor to the Defendant, including (i) the name of the Defendant, (ii) the Defendant's address, (iii) the check or wire number of each transfer, (iv) the amount of each transfer, and (v) the date each check cleared the bank**,** is attached as "**Exhibit A**"; and incorporated by reference.[2]

---

[2] During the pendency of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional transfers made to the Defendant during the Preference Period. The Plaintiff reserves the right to amend this Complaint to include: (i) further information regarding the transfers, (ii) additional transfers, (iii) modifications of and/or revision to the Defendant's name, and/or (iv) additional

14.     At the time of each of the 90-Day Transfers, the Defendant had or claimed a right to payment on account of an obligation owed to the Defendant by the Debtor, and was a creditor of the Debtor within the meaning of Section 101(10) of the Bankruptcy Code.

15.     The 90-Day Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the 90-Day Transfers either reduced or fully satisfied a debt then owing by the Debtor to the Defendant.

16.     The 90-Day Transfers were for, or on account of, antecedent debt(s) owed by the Debtor before the 90-Day Transfers were made.

17.     Each of the 90-Day Transfers constituted the transfer of the Debtor's property or property in which the Debtor had an interest.

18.     The Debtor was insolvent at the time of each of the 90-Day Transfers.

19.     As a result of the 90-Day Transfers, the Defendant received more than it would have received if (i) the Debtor's case were a case under chapter 7 of the Bankruptcy Code, (ii) the 90-Day Transfers had not been made, and (iii) the Defendant received payment on account of the debt paid by the 90-Day Transfers to the extent provided by the provisions of the Bankruptcy Code.

20.     Accordingly, the 90-Day Transfers are avoidable pursuant to Section 547(b) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff requests the Court to enter a Judgment:

a.      Declaring the 90-Day Transfers, in the aggregate amount of **$26,191.20** to have been preferential transfers pursuant to Section 547 of the Bankruptcy Code;

---

defendants (collectively, the "Amendments"), that may become known and to request that the Amendments relate back to this original Complaint.

b.      Avoiding the 90-Day Transfers as preferential transfers in violation of Section 547(b) of the Bankruptcy Code;

c.      Requiring the payment of the 90-Day Transfers to the Plaintiff; and

d.      Granting such other and further relief as may be just and proper.

**COUNT II – RECOVERY OF PROPERTY**
**PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE**

21.      The Plaintiff realleges the allegations set forth in paragraphs 1 through 20 and incorporates those allegations by reference.

22.      The 90-Day Transfers are avoidable pursuant to Section 547 of the Bankruptcy Code and, as a result, the 90-Day Transfers are recoverable by the Plaintiff pursuant to Section 550 of the Bankruptcy Code.

23.      The Defendant was the initial transferee of the 90-Day Transfers or the entity for whose benefit the 90-Day Transfers were made.

24.      The Defendant has not paid the amount, or turned over such property, for which Defendant is liable under Section 550 of the Bankruptcy Code.

25.      To the extent the Defendant currently has filed or scheduled Claims against any of the Debtors, the Claims should be disallowed until the 90-Day Transfers have been repaid in full to the Debtor pursuant to Section 502(d) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff requests that the Court enter judgment:

a.      Against the Defendant for **$26,191.20**, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

b.      Disallowing any claim that the Defendant may have against the Debtor under Section 502(d) of the Bankruptcy Code, until the 90-Day Transfers are repaid in full to the Debtor; and

c.      Granting such other and further relief as may be just and proper.


Dated: September 27, 2016.                    Respectfully submitted,

                                              GRAYROBINSON, P.A.
                                              *Counsel to Charles M. Berk, Liquidating Trustee*
                                              333 SE 2nd Avenue, Suite 3200
                                              Miami, FL 33131
                                              Tel:  305-416-6880
                                              Fax: 305-416-6887

                                              By: */s/ Steven J. Solomon*
                                              Robert A. Schatzman, Esq.
                                              Fla. Bar No.139008
                                              Steven J. Solomon, Esq.
                                              Florida Bar No.: 931969
                                              steven.solomon@gray-robinson.com